ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL 2026-2[1]

| JAVIER COLÓN TIBURCIO, Apelante, v. MAPFRE PAN AMERICAN INSURANCE COMPANY, Apelada. | TA2026AP00062 | APELACIÓN procedente del Tribunal de Primera Instancia, Sala Superior de Fajardo. Civil núm.: FA2025CV00507. Sobre: Ley Núm. 247-2018; Art. 27.164 y 27.165 del Código de Seguros de Puerto Rico; reclamación Irma/María. |

Panel integrado por su presidenta, la jueza Ortiz Flores, la jueza Romero García y el juez Pérez Ocasio.

Romero García, jueza ponente.

SENTENCIA

En San Juan, Puerto Rico, a 19 de febrero de 2026.

La parte apelante, señor Javier Colón Tiburcio (señor Colón Tiburcio o parte apelante), instó el presente recurso de apelación el 16 de enero de 2026. En este, solicitó que revoquemos la sentencia sumaria emitida el 2 de diciembre de 2025, notificada el 3 de diciembre de 2025, por el Tribunal de Primera Instancia, Sala Superior de Fajardo. Mediante la referida sentencia, el foro primario declaró con lugar la solicitud de sentencia sumaria presentada por Mapfre Pan American Insurance Company (Mapfre) y, en consecuencia, desestimó con perjuicio la demanda por razón de la prescripción de la causa de acción.

Examinado el recurso de apelación y la oposición al mismo, a la luz del derecho aplicable, y por los fundamentos que expondremos a continuación, **confirmamos** la *Sentencia Sumaria* apelada.

I

El 20 de mayo de 2025, el señor Colón Tiburcio presentó una demanda contra Mapfre, en la que alegó que la aseguradora había

---

[1] Mediante la Orden Administrativa OATA-2026-004 del 20 de enero de 2026, se designó a la Hon. Laura I. Ortiz Flores, en sustitución del Hon. Roberto J. Sánchez Ramos, a la luz de la inhibición de este último.

incurrido en prácticas desleales, dilatorias y de mala fe en el manejo de su reclamación por los daños sufridos en su residencia a consecuencia del paso del huracán María el 20 de septiembre de 2017. Sostuvo que, aun cuando notificó oportunamente la pérdida en noviembre de 2017 y agosto de 2018, y cumplió con sus obligaciones conforme a la póliza de seguro, Mapfre no ajustó diligentemente la reclamación, ofreció una suma sustancialmente menor a los daños estimados y lo obligó a litigar para proteger sus derechos.

Adicionalmente, alegó que, tras la desestimación sin perjuicio de una demanda previa en noviembre de 2020[2], continuó efectuando gestiones extrajudiciales; entre ellas, la notificación al Comisionado de Seguros el 1 de agosto de 2023, como requisito jurisdiccional para incoar la acción estatutaria al amparo de la Ley Núm. 247-2018[3], y los Arts. 27.161 a 27.166 del *Código de Seguros de Puerto Rico* (Código de Seguros), Ley Núm. 77 de 19 de junio de 1957, según enmendada, 26 LPRA sec. 2716a-2716f[4].

Según surge de la demanda, el 15 de enero de 2024, Mapfre respondió a la notificación cursada en el año anterior, y sostuvo que la causa de acción del señor Colón Tiburcio se encontraba prescrita, al haber transcurrido más de un (1) año desde que se había notificado la sentencia que desestimó sin perjuicio la demanda previamente incoada.

En desacuerdo, el señor Colón Tiburcio alegó que dicha defensa carecía de fundamento, por entender que la reclamación presentada al

---

[2] Del expediente surge que, el 14 de septiembre de 2018, el señor Colón Tiburcio incoó una primera demanda contra Mapfre, en la cual solicitó el pago restante de lo que supuestamente se le adeudaba en concepto de compensación conforme a la póliza. Entrada 1 de SUMAC TA, apéndice 10, anejo 2. **No obstante, dicha acción fue desestimada sin perjuicio mediante la *Sentencia* dictada por el foro primario el 17 de noviembre de 2020**. Allí, el tribunal concluyó que, si bien el señor Colón Tiburcio había cumplido con notificar oportunamente la reclamación a Mapfre, había incumplido con los demás términos y condiciones requeridos para exigir el cumplimiento del contrato. *Íd.*, anejo 4.

[3] La Ley Núm. 247-2018, enmendó el Art. 38.050 del Código de Seguros a los fines de disponer remedios y protecciones civiles adicionales a la ciudadanía, en caso de incumplimiento por parte de la aseguradora de las disposiciones del Código de Seguros, y para otros fines. Su aplicación es retroactiva, conforme aclarado por el Tribunal Supremo de Puerto Rico en *Consejo Titulares v. MAPFRE*, 208 DPR 761, 766-767 (2022).

[4] Entrada 1 de SUMAC TA, apéndice 1.

amparo de los Arts. 27.161 a 27.166 del Código de Seguros constituía una causa de acción especial por prácticas desleales que, según alegó, no estaba sujeta a un término prescriptivo expreso, y que Mapfre había actuado de mala fe al ampararse en el argumento de la prescripción para denegar el ajuste y pago de su reclamación[5].

Luego de concedérsele una prórroga para contestar la demanda, el 6 de agosto de 2025, Mapfre presentó una moción de desestimación y de sentencia sumaria, en la cual planteó que todas las causas de acción instadas por el señor Colón Tiburcio estaban caducadas o prescritas, por lo que la demanda dejaba de exponer una reclamación que justificara la concesión de un remedio[6].

En síntesis, Mapfre sostuvo que la póliza de seguro aplicable contenía una cláusula clara que requería que cualquier acción judicial a su amparo fuera presentada dentro del término de un (1) año, computado desde la fecha de la pérdida, cual también disponía el Art. 11.190 del Código de Seguros, 26 LPRA sec. 1119. Alegó que, desde la notificación de la sentencia en noviembre de 2020, hasta octubre de 2023, el apelante no había realizado gestión alguna válida que interrumpiera el término prescriptivo aplicable, por lo que cualquier reclamación judicial había quedado extinguida.

Asimismo, sostuvo que la carta del 12 de octubre de 2023 y el correo electrónico de seguimiento generados por el señor Colón Tiburcio no constituían reclamaciones extrajudiciales eficaces que hubieran tenido el efecto de interrumpir el término prescriptivo ya vencido. De igual modo, Mapfre adujo que el señor Colón Tiburcio había incumplido con el requisito jurisdiccional de notificar previamente el formulario dispuesto en el Art. 27.164 del Código de Seguros, 26 LPRA sec. 2716d, lo que por sí solo impedía la acción estatutaria por prácticas desleales. Finalmente, planteó que, aun si se entendiera que dicha causa de acción especial no estaba

---

[5] Entrada 1 de SUMAC TA, apéndice 1.

[6] *Íd.,* apéndice 10.

sujeta al término contractual de la póliza, le sería aplicable el término prescriptivo análogo de un (1) año para acciones de daños extracontractuales, el cual también había expirado al momento de presentarse la demanda en mayo de 2025[7].

El 9 de septiembre de 2025, el señor Colón Tiburcio enmendó su demanda, en la cual reformuló y amplió sustancialmente sus alegaciones con el propósito de reforzar la procedencia de la causa de acción estatutaria y rebatir la defensa de prescripción planteada por Mapfre[8]. En lo pertinente, alegó de forma expresa que la reclamación se presentó al amparo de la Ley Núm. 247-2018 y de los Artículos 27.161, 27.164 y 27.165 del Código de Seguros, y enfatizó que se trataba de una acción especial por prácticas desleales, distinta e independiente de una reclamación puramente contractual, y reiteró que dicha legislación no establecía un término prescriptivo expreso, por lo que no le eran aplicables los términos ordinarios del Código Civil. También, añadió alegaciones dirigidas a demostrar el cumplimiento del requisito jurisdiccional de notificación previa, y afirmó que el formulario de notificación previo a entablar una acción civil fue remitido a Mapfre y al Comisionado de Seguros el 31 de julio y el 1 de agosto de 2023, respectivamente, y que la aseguradora no había subsanado las violaciones alegadas dentro del término de sesenta (60) días dispuesto en la ley. De igual modo, reformuló sus alegaciones en torno a la mala fe de Mapfre, y sostuvo que la invocación de la prescripción de la causa de acción constituyó, en sí misma, una práctica desleal dirigida a evadir un ajuste justo y equitativo.

En respuesta a la demanda enmendada, el 29 de septiembre de 2025, Mapfre presentó una segunda moción de desestimación y de sentencia sumaria, en la cual reiteró y amplió sus planteamientos previos sobre la improcedencia de la acción[9]. En esta ocasión, sostuvo

---

[7] Entrada 1 de SUMAC TA, apéndice 10.

[8] *Íd.*, apéndice 13.

[9] *Íd.*, apéndice 15.

expresamente que la causa de acción invocada por el señor Colón Tiburcio al amparo del Art. 27.164 del Código de Seguros no alteró la naturaleza esencialmente contractual del reclamo, por lo que continuaba siendo aplicable la cláusula de la póliza que limitaba a un (1) año el término para presentar acciones judiciales. De igual modo, sostuvo que la propia demanda enmendada confirmaba la inercia del señor Colón Tiburcio por un periodo de más de tres (3) años tras dictada la sentencia en el 2020, por lo que procedía la desestimación con perjuicio de todas sus reclamaciones[10].

En oposición, el 30 de septiembre de 2025, el señor Colón Tiburcio presentó su oposición a la moción de desestimación y de sentencia sumaria, en la cual reiteró que la controversia se circunscribía a la causa de acción estatutaria al amparo de la Ley Núm. 247-2018, y no a una reclamación contractual sobre los términos de la póliza, por ello, no resultaba aplicable el término de un (1) año invocado por Mapfre[11]. Alegó, además, que el único requisito jurisdiccional dispuesto en el Art. 27.164 del Código de Seguros es la notificación previa, la cual afirmó haber cumplido al notificar el Formulario el 31 de julio de 2023. y el 1 de agosto de 2023.

Adicionalmente, reformuló su argumento sobre la prescripción al sostener que la Ley 247-2018 no establecía un término prescriptivo expreso, y que, en ausencia de una disposición clara del legislador, no procedía aplicar por analogía el término de un (1) año de las acciones extracontractuales, sino que, en todo caso, debía regir el término general de quince (15) años para acciones personales sin término señalado.

Por último, el señor Colón Tiburcio enfatizó el alto interés público que reviste la reglamentación de la industria de seguros y alegó que existían controversias sustanciales de hechos materiales, que impedían la desestimación o la adjudicación sumaria del caso[12].

---

[10] Entrada 1 de SUMAC TA, apéndice 15.

[11] *Íd.,* apéndice 17.

[12] *Íd.*

El 22 de octubre de 2025, el foro primario emitió una orden mediante la cual declaró sin lugar la solicitud de desestimación y de sentencia sumaria presentada por Mapfre[13].

Inconforme con dicha determinación, el 6 de noviembre de 2025, Mapfre presentó una moción de reconsideración, en la cual sostuvo que el señor Colón Tiburcio no había refutado adecuadamente los hechos propuestos como incontrovertidos, por lo que solicitó que se dejara sin efecto la orden anterior[14]. Ese mismo día, el foro primario notificó que resolvería la controversia en sus méritos[15].

Así las cosas, el 3 de diciembre de 2025, el Tribunal de Primera Instancia emitió la *Sentencia Sumaria* apelada, en la cual acogió los planteamientos de Mapfre y concluyó que la causa de acción del señor Colón Tiburcio se encontraba prescrita[16]. En síntesis, determinó que la reclamación emanaba de una relación contractual regida por la póliza de seguro, cuyas cláusulas, claras y libres de ambigüedad, establecían un término de un (1) año, luego de la fecha de la pérdida, para presentar cualquier acción judicial. Además, resolvió que la prolongada inacción del señor Colón Tiburcio había generado una presunción de abandono o renuncia, lo que impedía una evaluación certera de los daños reclamados. Por tanto, ordenó la desestimación de la demanda con perjuicio[17].

En desacuerdo, el 18 de diciembre de 2025, el señor Colón Tiburcio presentó una moción en reconsideración[18], la cual fue declarada no ha lugar mediante la orden emitida al día siguiente[19].

Inconforme, el señor Colón Tiburcio acudió ante este Tribunal y señaló la comisión de los siguientes errores:

---

[13] Entrada 1 de SUMAC TA, apéndice 18.

[14] *Íd.,* apéndice 19.

[15] *Íd.,* apéndice 20.

[16] *Íd.,* apéndice 22.

[17] *Íd.*

[18] *Íd.*, apéndice 23.

[19] *Íd.,* apéndice 24.

> Erró el Tribunal de Primera Instancia al aplicar el término prescriptivo de un año a los remedios y protecciones al amparo de los artículos 27.164 y 27.165 del Código de Seguros y desestimar sumariamente con perjuicio la demanda.
>
> Erró el Tribunal de Primera Instancia al desestimar sumariamente con perjuicio la demanda por no proceder en derecho.

(Mayúsculas omitidas).

El 13 de febrero de 2026, Mapfre presentó su alegato en oposición. Sostuvo que el apelante no había controvertido adecuadamente los hechos materiales presentados en la moción de sentencia sumaria y que, en su lugar, se había limitado a reiterar sus argumentos jurídicos previos, por lo que no existía controversia real de hechos materiales, que impidiera la disposición sumaria del caso. Concluyó que la inacción prolongada del apelante había provocado la extinción de su causa de acción, por lo que la desestimación con perjuicio era el único remedio procedente en derecho

Evaluados los argumentos de las partes litigantes, resolvemos.

II

A

La Regla 36.1 de Procedimiento Civil, 32 LPRA Ap. V, establece que una moción de sentencia sumaria debe estar fundada en declaraciones juradas, o por aquella evidencia que demuestre la inexistencia de una controversia sustancial de hechos esenciales y pertinentes. En su consecuencia, podrá dictarse sentencia sumaria cuando no exista ninguna controversia real sobre los hechos materiales y esenciales del caso y, además, si el derecho aplicable lo justifica. *SLG Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414, 430 (2013).

Un hecho material "es aquel que tiene un impacto sobre el resultado de la reclamación según el derecho sustantivo aplicable". *Ramos Pérez v. Univisión*, 178 DPR 200, 213 (2010). A su vez, la controversia relacionada a un hecho material debe ser real, "por lo que cualquier duda es insuficiente para derrotar una Solicitud de Sentencia Sumaria". *Ramos Pérez v. Univisión*, 178 DPR, a las págs. 213-214.

De otra parte, al evaluar la solicitud de sentencia sumaria, "se tendrán como ciertos los hechos no controvertidos que consten en los documentos y las declaraciones juradas ofrecidas por la parte promovente". *Piñero v. A.A.A.*, 146 DPR 890, 904 (1998).

Con relación a los hechos relevantes sobre los cuales se plantea la inexistencia de una controversia sustancial, la parte promovente "está obligada a desglosarlos en párrafos debidamente enumerados y, para cada uno de ellos, especificar la página o el párrafo de la declaración jurada u otra prueba admisible en evidencia que lo apoya". *SLG Zapata-Rivera v. J.F. Montalvo*, 189 DPR, a la pág. 432. Por su lado, la parte promovida tiene el deber de refutar los hechos alegados, con prueba que controvierta la exposición de la parte que solicita la sentencia sumaria. *López v. Miranda*, 166 DPR 546, 563 (2005).

A esos efectos, procede que se dicte sentencia sumaria únicamente cuando de las alegaciones, deposiciones, contestaciones a interrogatorios y admisiones ofrecidas, en unión a las declaraciones juradas si las hay, u otra evidencia, demuestran que no hay controversia real sustancial en cuanto a algún hecho esencial y pertinente, y, además, si el derecho aplicable así lo justifica. *Oriental Bank v. Caballero García*, 212 DPR 671, 678-679 (2023). Cumplidos estos requisitos, resulta innecesaria la celebración de un juicio, pues únicamente resta aplicar el derecho a los hechos no controvertidos. *Íd.*

En sentido contrario, no procede resolver un caso por la vía sumaria cuando: (1) existen hechos materiales y esenciales controvertidos; (2) hay alegaciones alternativas en la demanda que no han sido refutadas; (3) surge de los propios documentos que se acompañan con la moción una controversia real sobre algún hecho material y esencial; o, (4) como cuestión de derecho, no procede. *Echandi v. Stewart Title Guaranty Co.*, 174 DPR 355, 368 (2008).

B

En nuestro ordenamiento jurídico, la industria de seguros está revestida de un gran interés público debido a su importancia, complejidad y efecto en la economía y la sociedad. *Jiménez López et al. v. SIMED*, 180 DPR 1, 8 (2010); *SLG Francis-Acevedo v. SIMED*, 176 DPR 372, 384 (2009). Como resultado de ello, el negocio de seguros ha sido regulado ampliamente por el Estado, principalmente mediante el Código de Seguros, 26 LPRA sec. 101-4327; *Echandi Otero v. Stewart Title Guaranty Co.*, 174 DPR 355, 369 (2008). El precitado Código define el contrato de seguros como aquel "contrato mediante el cual una persona se obliga a indemnizar a otra o a pagarle o a proveerle un beneficio específico o determinable al producirse un suceso incierto previsto en el mismo". Art. 1.020 del Código de Seguros, 26 LPRA sec. 102. Sobre este acuerdo contractual, el Tribunal Supremo de Puerto Rico ha expresado que

. . . . . . . .

> [l]os aseguradores, mediante este contrato, asumen la carga económica de los riesgos transferidos a cambio de una prima. El contrato de seguros es, pues, un contrato voluntario mediante el cual, a cambio de una prima, el asegurador asume unos riesgos. La asunción de riesgos es, por lo tanto, uno de los elementos principales de este contrato. En resumen, en el contrato de seguros se transfiere el riesgo a la aseguradora a cambio de una prima y surge una obligación por parte de esta de responder por los daños económicos que sufra el asegurado en caso de ocurrir el evento específico.
> . . . . . . . .

*Coop. Ahorro y Créd. Oriental v. S.L.G.*, 158 DPR 714, 721 (2003).

Existen distintos tipos de contratos de seguros. Entre estos, se encuentra el contrato de seguro de propiedad. El Art. 4.040 del Código de Seguros, 26 LPRA sec. 404, define el contrato de seguro de propiedad como "el seguro de toda clase de bienes raíces o muebles, e interés sobre los mismos, contra pérdida o daños por cualquier riesgo o causa, y contra pérdida como consecuencia de tales pérdidas o daños, que no sea una responsabilidad legal no contractual por tales pérdidas o daños".

Por otra parte, el Tribunal Supremo se ha expresado en múltiples ocasiones sobre la relación entre aseguradora y asegurado. En cuanto a

ello, ha dispuesto que la misma **es una de naturaleza contractual, que se rige por lo pactado en el contrato de seguros, "que constituye la ley entre las partes**". *TOLIC v. Febles Gordián*, 170 DPR 804, 812 (2007). (Énfasis nuestro).

Asimismo, es norma trillada en nuestro ordenamiento jurídico que los contratos de seguros son considerados contratos de adhesión. En ese sentido, cuando estos contienen una cláusula confusa, la misma se interpretará liberalmente a favor del asegurado. *Quiñones López v. Manzano Posas*, 141 DPR 139, 155 (1996). Así, en caso de dudas al interpretar una póliza, estas deben resolverse de modo que se alcance el propósito de esta; esto es, proveer protección al asegurado. *Íd.* Sin embargo, el Tribunal Supremo ha reiterado que el hecho de que los contratos de seguro sean considerados contratos de adhesión, **no tiene el efecto de obligar a que se interpreten sus cláusulas a favor del asegurado cuando sus términos, condiciones y exclusiones son claros, específicos y no dan margen a ambigüedades ni a diferentes interpretaciones**. *Martínez Pérez v. U.C.B.,* 143 DPR 554, 563 (1997); y, *Torres v. E.L.A.,* 130 DPR 640, 652 (1992).

C

La figura de la prescripción es materia de derecho sustantivo, y no procesal, regida expresamente por el ordenamiento civil. *Haedo Castro v. Roldán Morales*, 203 DPR 324, 336 (2019); *Meléndez Guzmán v. Berríos López*, 172 DPR 1010, 1017 (2008). A su vez, es una defensa afirmativa que debe plantearse expresa y oportunamente, so pena de entenderse renunciada. *Haedo Castro v. Roldán Morales*, 203 DPR, a la pág. 336. Cual establecido en el Art. 1861 del Código Civil de 1930, vigente a la fecha de los hechos de este caso, "[l]as acciones prescriben por el mero lapso del tiempo fijado por la ley"[20]. 31 LPRA sec. 5291. (Derogado).

En cuanto a la prescripción extintiva, esta se configura cuando el transcurso del tiempo extingue el derecho a ejercer determinada causa de

---

[20] *Véase*, Art. 1189 del Código Civil de 2020, 31 LPRA sec. 9481.

acción, por lo que está unida al derecho que se intenta reivindicar[21]. *Haedo Castro v. Roldán Morales*, 203 DPR, a la pág. 336; *Maldonado Rivera v. Suárez y otros,* 195 DPR 182, 192 (2016). La "[l]ey fija un límite de tiempo para el ejercicio de los derechos, transcurrido el cual establece una presunción de renuncia o abandono de la acción para reclamarlos". J. Puig Brutau, *Caducidad, prescripción extintiva y usucapión*, 3ra ed., Barcelona, Ed. Bosch, 1996, pág. 92, citado en *Haedo Castro v. Roldán Morales*, 203 DPR, a la pág. 337. Ello así, porque la prescripción extintiva persigue castigar la inercia en el ejercicio de los derechos[22]. *Íd.*, a la pág. 336. Por lo tanto, el transcurso del tiempo estatutario, sin que el titular del derecho lo ejerza, da lugar a la presunción legal de abandono del mismo y elimina la incertidumbre en las relaciones jurídicas. *Meléndez Guzmán v. Berríos López*, 172 DPR, a las págs. 1017-1018. Una vez transcurre el periodo prescriptivo fijado por la ley, entonces, el deudor queda liberado de su obligación en tanto puede negarse a cumplir con ella, por el fundamento de que esta fue reclamada tardíamente. *Íd.*, a la pág. 1018.

En lo que respecta a la causa del título, la figura de la prescripción extintiva se rige por los principios que gobiernan el Código de Seguros, el cual a su vez cita al ordenamiento civil. Al respecto, en su parte pertinente, el Art. 11.190 del Código de Seguros, según enmendado por la Ley Núm. 242-2018, dispone:

.        .        .        .        .        .        .        .

(4) Para propósitos de una acción directa por un dueño de propiedad para recuperar daños bajo una póliza de seguro, una notificación de reclamación a la compañía de seguro o su representante autorizado o su agente general autorizado constituye una reclamación extrajudicial que interrumpe la prescripción de las acciones conforme al Artículo 1873 del Código Civil de Puerto Rico, incluso cuando la reclamación

---

[21] Específicamente, la prescripción extintiva exige tres requisitos para su configuración, a saber: (1) la existencia de un derecho que se pueda ejercitar, (2) la falta de ejercicio o inercia por parte del titular, y (3) el transcurso determinado en la ley. *Meléndez Guzmán v. Berríos López*, 172 DPR, a la pág. 1018.

[22] Los estatutos prescriptivos fomentan "la justicia al evitar las sorpresas que genera la resucitación de reclamaciones viejas, además de las consecuencias inevitables del transcurso del tiempo, tales como: pérdida de evidencia, memoria imprecisa y dificultad para encontrar testigos". *Campos v. Cía. Fom. Ind.*, 153 DPR 137, 144 (2001). Así, la figura de la prescripción promueve la estabilidad jurídica de las relaciones y la seguridad en el tráfico jurídico. *Íd.*

sea a consecuencia del impacto de los huracanes Irma y/o María del pasado mes de septiembre de 2017.

(5) Para propósitos de una acción directa por un dueño de propiedad para recuperar daños bajo una póliza de seguro, la aceptación de una notificación de reclamación de seguro por la compañía de seguro o su representante autorizado o su agente general autorizado constituye un reconocimiento que interrumpe la prescripción de las acciones conforme al Artículo 1873 del Código Civil de Puerto Rico, incluso cuando la reclamación sea a consecuencia del impacto de los huracanes Irma y/o María del pasado mes de septiembre de 2017.

(6) La limitación del término de tiempo para presentar una demanda o buscar amparo del tribunal o de un proceso administrativo, impuesto por una póliza de seguro, está sujeto a ser interrumpido por notificación extrajudicial, conforme al Artículo 1873 del Código Civil de Puerto Rico. Cualquier pacto en lo contrario será nulo, incluso cuando la reclamación sea a consecuencia del impacto de los huracanes Irma y/o María del pasado mes de septiembre de 2017.

.        .        .        .        .        .        .        .

26 LPRA sec. 1119(4)(5)(6).

De la citada disposición se desprende que la acción civil del asegurado contra la aseguradora se rige por la prescripción extintiva; por ende, está sujeta a sucesivas interrupciones extrajudiciales y judiciales. Como es sabido, **una vez el término prescriptivo en cuestión se interrumpe**, **comienza a transcurrir nuevamente desde el momento en que se produce el acto interruptor**. *Arce Bucetta v. Motorola*, 173 DPR 516, 537 (2008).

El Art. 1873 del Código Civil de 1930[23] establecía, además, que la prescripción "se interrumpe por su ejercicio ante los tribunales, por reclamación extrajudicial del acreedor y por cualquier acto de reconocimiento de la deuda por el deudor". 31 LPRA sec. 5303 (Derogado). La presentación de una demanda "constituye una 'manifestación inequívoca' del que posee el derecho y opta por ejercerlo, eliminando así la incertidumbre en las relaciones jurídicas". *Arce Bucetta v. Motorola*, 173 DPR, a la pág. 537, que cita a *Sánchez v. Aut. de los Puertos*, 153 DPR 559, 567-568 (2001).

---

[23] La disposición derogada, pero aplicable en tiempo a este caso, tiene una equivalencia en el Art. 1197 del Código Civil de 2020, 31 LPRA sec. 9489.

III

A la luz de lo antes expuesto, nos corresponde determinar si el foro primario erró al aplicar el término prescriptivo de un (1) año a los remedios y protecciones al amparo de los Artículos 27.164 y 27.165 del Código de Seguros y, como consecuencia, al desestimar sumariamente con perjuicio la demanda presentada por el señor Colón Tiburcio. Adelantamos que tal error no fue cometido.

No existe controversia alguna en cuanto a que la relación jurídica entre las partes litigantes tuvo su origen en un contrato de seguro de propiedad, cuya vigencia comprendía del 1 de septiembre de 2017, al 1 de septiembre de 2018, y que contenía una cláusula expresa que limitaba a un (1) año el término para incoar acciones judiciales relacionadas con la pérdida reclamada[24]. Asimismo, consta que, tras el paso del huracán María el 20 de septiembre de 2017, el señor Colón Tiburcio notificó la pérdida y, posteriormente, presentó una primera demanda contra Mapfre el 14 de septiembre de 2018[25].

No obstante, mediante la *Sentencia* dictada el 17 de noviembre de 2020, el foro primario desestimó dicha acción sin perjuicio al concluir que, si bien el apelante había notificado oportunamente la reclamación, había incumplido con los restantes deberes impuestos por la póliza[26]. A partir de la notificación de esa *Sentencia*, el término contractual de un (1) año comenzó a cursar nuevamente, sin que el señor Colón Tiburcio instara recurso judicial alguno ni realizara gestión válida dirigida a interrumpirlo.

Aunque el señor Colón Tiburcio alegó haber cursado varias comunicaciones posteriores – notificación del Formulario, la carta del 12 de octubre de 2023, y el correo electrónico de seguimiento–, del propio expediente surge que dichas gestiones se realizaron con posterioridad al vencimiento del término contractual establecido en la cláusula once (11) de

---

[24] Entrada 1 de SUMAC TA, apéndice 10, anejo 1.

[25] *Íd.,* anejo 2.

[26] *Íd.*, apéndice 10, anejo 4.

la póliza, el cual, a más tardar, había expirado en noviembre de 2021; es decir, un año con posterioridad a la emisión de la primera *Sentencia*. En consecuencia, tales comunicaciones carecían de eficacia interruptora, pues no pueden revivir una causa de acción ya prescrita.

Asimismo, aun cuando el apelante caracterizó su reclamación como una acción estatutaria por prácticas desleales al amparo de los Artículos 27.164 y 27.165 del Código de Seguros, lo cierto es que los remedios reclamados se encontraban ineludiblemente vinculados a la póliza de seguro y a la pérdida originalmente cubierta conforme a esta. Por ello, el foro primario actuó correctamente al concluir que la causa de acción no podía sustraerse del término de prescripción pactado contractualmente, particularmente, cuando el propio Código de Seguros reconoce la validez de dichos términos y permite su interrupción únicamente mientras se encuentren vigentes.

En su segundo señalamiento de error, el señor Colón Tiburcio alega que el foro primario erró al desestimar sumariamente con perjuicio la demanda por no proceder en derecho. Tampoco le asiste la razón.

Del expediente surge que los hechos materiales pertinentes para resolver la controversia sobre prescripción no estaban en controversia. En particular, la vigencia de la póliza, la fecha de la pérdida, la presentación y posterior desestimación de la primera demanda, así como la ausencia de gestiones interruptoras dentro del año siguiente a la *Sentencia* emitida en noviembre de 2020. Todos estos hechos incontrovertidos se desprendían claramente de los documentos adjuntados por Mapfre y no fueron refutados de forma efectiva por el apelante.

En ese contexto, este foro apelativo no está llamado a evaluar la supuesta mala fe de la aseguradora ni la procedencia de los remedios sustantivos reclamados, toda vez que los señalamientos de error ante nuestra consideración se circunscriben exclusivamente a la controversia procesal de prescripción. Determinada la extinción de la causa de acción por el transcurso del término aplicable, cualquier análisis ulterior sobre la

conducta de Mapfre o sobre la corrección del ajuste de la reclamación resulta innecesario e improcedente, al no existir una causa de acción vigente que permita adentrarse en los méritos del reclamo.

Por los fundamentos antes expuestos, concluimos que los errores señalados por la parte apelante no se cometieron, pues no existía controversia real sobre hechos materiales que impidiera disponer del caso sumariamente. En consecuencia, el Tribunal de Primera Instancia no erró al aplicar el término prescriptivo dispuesto en la póliza de seguro, ni al desestimar sumariamente con perjuicio la demanda presentada por el señor Colón Tiburcio.

IV

Conforme a los hechos y el derecho consignados, este Tribunal **confirma** la *Sentencia* emitida el 2 de diciembre de 2025, notificada el 3 de diciembre de 2025, por el Tribunal de Primera Instancia, Sala Superior de Fajardo.

Notifíquese.

Lo acordó y manda el Tribunal, y lo certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones